IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL SANTOS, | : | CIVIL ACTION NO. **3:CV-12-1363** |
| | : | |
| Plaintiff | : | (Judge Nealon) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant | : | |

## REPORT AND RECOMMENDATION

## I.    BACKGROUND.

On July 13, 2013, Plaintiff Rafael Santos, an inmate at FCI-Allenwood, White Deer, PA, filed, *pro se*, this instant claim against Defendant the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675, *et seq.*[1]  (Doc. 1).  Plaintiff's Complaint consists of a 6-page typed pleading.  Plaintiff requested a Jury Trial Demand on the face his Complaint, Doc. 1, p.1, but he is not entitled to a jury trial in an FTCA action.  *See* 28 U.S.C. §2402.

Plaintiff basically alleges that the medical staff at FCI-Allenwood negligently treated him for his back condition resulting in permanent injury, loss of income, and great pain and suffering. Plaintiff also claims that prison staff negligently removed him from his prison job with Unicor.  Plaintiff also filed a Motion to proceed *in forma pauperis*.  (Doc. 4).

On August 6, 2012, we issued an Order and granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.  We also directed the Clerk of Court  to issue process to the United

---

[1]Plaintiff Santos has previously filed several actions with this Court, namely, M.D. Pa. Civil Nos. 02-1449, 10-1746, 11-0040, and 11-2270.

States Marshal for service of Plaintiff's Complaint upon the Defendant United States in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 6).

Defendant United States was served with Plaintiff's Complaint. After we granted Defendant an extension of time, it filed a Motion to Dismiss, or Motion for Summary Judgment, on December 21, 2012. **(Doc. 16).** On January 4, 2013, Defendant filed its support brief with unpublished decisions attached, and its Statement of Material Facts ("SMF") with Exhibits. (Docs. 17, 17-1 & 18).

On January 17, 2013, Plaintiff filed a Motion for a 60-day Extension of Time to file his opposition brief to Defendant's motion. (Doc. 20). Plaintiff stated that Defendant's Motion to Dismiss was primarily based on its assertion that he failed to file a Certificate of Merit ("COM"), under Pennsylvania Rule 1042.3, with the written opinion of a medical licensed professional, and that a COM was required since his medical negligence claims against prison staff involve questions of medical judgment. A review of Defendant's Doc. 17 brief indicated that Defendant argued, in part, that since Plaintiff failed to file a COM with respect to his professional medical malpractice claims and he did not have an expert witness to support his claims, Plaintiff's Complaint should be dismissed.[2] (Doc. 17, pp. 8-10). In his Doc. 20 Motion,

---

[2]As we previously noted, to the extent Plaintiff is raising professional medical malpractice claims under state law against Defendant United States in this case, he was required to file a Certificate of Merit ("COM") under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1). A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action. *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.), 2008 WL 4426060 (M.D. Pa.). "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court." *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted). The Third Circuit

2

Plaintiff stated that he needed an additional sixty days to file his opposition brief so that he could obtain a COM and seek counsel to represent him in this case.

Plaintiff also requested a 60-day extension of time to respond to Defendant's Request for Admissions served on him.

Plaintiff 's opposition brief and response to Defendant's SMF were due on or about January 22, 2013.  Thus, at the time of his Doc. 20 Motion, Plaintiff already had about fifteen days to seek counsel and to obtain a COM.   Therefore, on January 22, 2013, we issued an Order and  gave Plaintiff a 30-day extension of time from the date of this Order to file his opposition brief to Defendant's dispositive motion (Doc. 16) and his response to Defendant's Statement of Material Facts (Doc. 18).  We also gave Plaintiff a 30-day extension of time from the date of this Order to respond to Defendant's Request for Admissions.   (Doc. 21).

On March 1, 2013, Plaintiff filed a second Motion for an Extension of Time to file his opposition brief to Defendant's dispositive motion and his response to Defendant's SMF.   (Doc. 23).  Plaintiff also requested a second  extension of time to respond to Defendant's Request for Admissions.  This time Plaintiff sought a  45-day extension of time. Plaintiff stated that he needed additional time so that he could try and obtain a COM and seek counsel to represent him in this case.

---

affirmed a case in the Middle District of Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule.  *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ,* 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court).
      There is no record that Plaintiff filed a COM in this case and Plaintiff has repeatedly acknowledged that he did not file a COM.  (Docs. 20 & 23).

Since Plaintiff 's opposition brief to Defendant's dispositive motion and his response to Defendant's SMF were originally due on January 22, 2013, and since Plaintiff has already had one 30-day extension of time, we gave Plaintiff one final extension of time until March 29, 2013, to file his opposition brief to Defendant's dispositive motion and his response to Defendant's SMF as well as to file his responses to Defendant's Request for Admissions.

Thus, on March 4, 2013, we issued an Order and directed that:

1. Plaintiff's second Motion for a 45-day Extension of Time to file his opposition brief to Defendant's dispositive motion and his response to Defendant's Statement of Material Facts **(Doc. 23)** is **DENIED,** in part, and **GRANTED,** in part.

2. Said Motion is **GRANTED** to the extent that Plaintiff is given an **extension of time until March 29, 2013,** to file his opposition brief to Defendant's dispositive motion (Doc. 16) and his response to Defendant's Statement of Material Facts (Doc. 18).

3. Said Motion is also **GRANTED** to the extent that Plaintiff is given **until March 29, 2013,** to file his responses to Defendant's Request for Admissions.

4. Failure of Plaintiff to file his opposition brief to Defendant's dispositive motion and his response to Defendant's Statement of Material Facts will result in a recommendation that Plaintiff be deemed as not opposing Defendant's motion.

5. No further extensions of time will be granted Plaintiff with respect to his opposition brief to Defendant's dispositive motion and his response to Defendant's Statement of Material Facts absent exigent circumstances.

(Doc. 24).

On April 2, 2013, Plaintiff filed this a Motion to Appoint Counsel (Doc. 27).  On that same date, he also filed an Affirmation (Doc. 28), a Statement of Material Facts (Doc. 29), and a Brief in Opposition to Defendant's Motion to Dismiss (Doc. 30).   On April 3, 2013, we issued an Order and denied Plaintiff's Document 27 Motion to Appoint Counsel.  (Doc. 31). On April 10, 2013, Defendant United States filed a reply brief in support of its Doc. 16 Motion. (Doc. 33).   On April 22, 2013, without obtaining leave of Court as required, Plaintiff filed a 5-page typed sur-reply brief in opposition to Defendant's Doc. 16 Motion.   We note that Plaintiff was provided with a copy of the pertinent Local Rules of this Court and that based on his several prior cases, Plaintiff is well-aware of this Court's Local Rules.  (Doc. 2). Nonetheless, since Plaintiff is a *pro se* inmate, we will consider his unauthorized sur-reply brief.

Thus, Defendant's **Doc. 16** Motion is ripe for disposition.  We have been assigned this case for pre-trial matters.

## II.   STANDARDS OF REVIEW.

### A.     *MOTION TO DISMISS*

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-44 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, [556 U.S. 662], 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

> > "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its fact.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*,

550 U.S. at 570, 127 S.Ct. 1955). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

*McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal*, 129 S.Ct. At 1949.] Second, a District Court must then determined whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir. 2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. At 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

The Third Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009)(quoting *Twombly*,

550 U.S. at 555, 127 S.Ct. 1955) (not precedential).

   B.     *MOTION FOR SUMMARY JUDGMENT STANDARD*

   A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law. *Anderson*, 477 U.S. at 248. "Facts that could alter the outcome are material facts." *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994). The burden of proving that there is no genuine issue of material fact is initially upon the movant. *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983). Upon such a showing, the burden shifts to the nonmoving party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

   In determining whether an issue of material fact exists, the court must consider

7

the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied,* 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted). Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most

favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

C.      FTCA  STANDARD

Plaintiff names the United States as the sole  Defendant in his Complaint with respect to his  negligence claims under the FTCA, 28 U.S.C. §2675, *et seq*.  As Plaintiff correctly recognizes, only the Untied States is the proper Defendant in an FTCA action. Additionally, Plaintiff can assert all of his negligence claims against only the United States through the FTCA.  *See Thomas v. U.S.*, 558 F.Supp. 2d 553, 554 (M.D. Pa. 2008)*; Woods v. Federal Bureau of Prisons*, 2011 WL 6888648 (M.D. Pa. 11-22-11). Thus, the United States is the only proper Defendant in a FTCA suit, and the United States has waived sovereign immunity for an FTCA action.  *See Braget  v. U.S. Bureau of Prisons,* 2011 WL 7658892, *6 (M.D. Pa. 12-28-11) adopted by 2012 WL 1165465 (M.D. Pa. 4-9-12);  *Sash v. Hogsten*, 2008 WL 618945 (M.D. Pa.). The provisions of the FTCA govern all claims against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C. § 2675(a); *see also Braget v. U.S. Bureau of Prisons*, 2011 WL 7658892, *6 (M.D. Pa. 12-28-11) adopted by 2012 WL 1165465 (M.D. Pa. 4-9-12);  *Rosario v BOP*, 2007 WL 951468, *4 (M.D. Pa.).  According to the FTCA, "an action shall not be

instituted upon a claim against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). Thus, a private Plaintiff may not sue the United States under the FTCA without first having filed a claim with the appropriate responsible federal agency. *Id.*; *see Albani v. U.S.*, 2010 WL 2364426, *6 (E.D. Pa. June 9, 2010).[3]

Further, neither a federal agency nor the individual employees of the BOP are proper Defendants with respect to Plaintiff's negligence claims under the FTCA. *See Thomas v. U.S.*, 558 F.Supp. 2d at 554. Additionally, the United States is generally immune for intentional torts. *See* 28 U.S.C. §2680(h).

## III.   DISCUSSION.

In his Complaint, Plaintiff alleges that in mid-September 2010, during his confinement at FCI-Allenwood, he was employed in Unicor and began to experience lower back pain and loss of mobility. Plaintiff avers that he went to the prison's medical clinic and, that Physician Assistant ("PA") Rackovan failed to properly examine, evaluate,

---

[3]Plaintiff states in his Complaint that he exhausted his administrative remedy by filing a tort claim with the BOP as required under the FTCA. (Doc. 1, p. 2). Defendant admits that Plaintiff filed a tort claim raising the issue of improper medical care for his back pain and loss of wages from work, and that Plaintiff's tort claim was finally denied by the BOP on January 24, 2012. (Doc. 18, p. 10). Plaintiff is correct that he then filed his instant Complaint in federal court (July 13, 2012) within six months after the BOP's final denial of his tort claim. (Doc. 1).

diagnose, treat, and provide a proper treatment regimen for him. Plaintiff states that Rackovan told him nothing was wrong with his back and to buy non-prescription pain medication for any discomfort. Plaintiff then avers that his lower back pain became intolerable and that he incurred a significant loss of mobility. On November 4, 2010, Plaintiff states that he returned to the prison medical clinic and that PA Rackovan again examined him. Plaintiff avers that Rackovan again failed to properly examine, evaluate, diagnose, treat, and provide a proper treatment regimen for him with respect to his low back pain and loss of mobility. Plaintiff again states that Rackovan told him nothing was wrong with his back. Plaintiff further avers that Rackovan improperly ordered his removal from his Unicor job based on his (Plaintiff's) alleged restrictions due to his back even though Rackovan failed to properly examine, evaluate, diagnose, treat, and provide a proper treatment regimen for him.

Plaintiff states that on November 5, 2010, he spoke to Assistant Health Administrator Dewald complaining about Rackovan's conduct, and requested Dewald to give him a reasonable work accommodation for his Unicor job, including restriction on lifting and assignment to light duty work, instead of termination. Plaintiff states that Dewald failed to review Rackovan's actions and failed to direct that Plaintiff be provided with proper medical care for his back pain. Plaintiff also states that Dewald then denied him a reasonable work accommodation for his Unicor job and improperly ordered Plaintiff 's termination from Unicor.

Plaintiff concludes that the alleged negligence of Rackovan and Dewald caused

him to suffer permanent injury, loss of income and great pain and suffering.   As relief, Plaintiff seeks $150,000.00 in damages against Defendant United States.

Defendant argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) since Plaintiff does not have a medical expert and he failed to timely file a COM as required by Pennsylvania law.  In the alternative, Defendant argues that it is entitled to summary judgment under Rule 56 since the undisputed evidence shows that it was not negligent in treating Plaintiff 's low back pain at FCI-Allenwood and that it was not negligent with respect to Plaintiff's removal from his Unicor prison job.

As Defendant correctly states, a professional medical malpractice action brought under Pennsylvania law requires a  Certificate of Merit ("COM").  Thus, if Plaintiff's instant claims are construed as questioning the medical judgment of the medical staff at FCI-Allenwood, then Plaintiff's Complaint should be considered as a professional medical malpractice action under state law against Defendant.  As such, Plaintiff was required to file a COM under Pennsylvania law pursuant to Pa.R.C.P. 1042.3(a)(1).  A COM is required for a Pennsylvania professional negligence claim raised in a malpractice action.  *See Santee v. U.S.*, Civil Action No. 3:CV-07-2207, September 30, 2008 Memorandum and Order (M.D. Pa.), 2008 WL 4426060 (M.D. Pa.).  "The COM requirement is set forth in a procedural rule, but federal courts exercising diversity and supplemental jurisdiction have considered it substantive law that must be applied to claims under Pennsylvania law presented in federal court."  *Booker v. U.S.*, 2009 WL 90129, *3 (citations omitted).  The Third Circuit affirmed a case in the Middle District of

Pennsylvania in which the District Court found that PA Rule 1042.3 is a rule of substantive state law and that Plaintiffs in federal court must comply with this rule. *See Perez v. Griffin*, 2008 WL 2383072 (M.D. Pa.), aff'd. 2008 WL 5351829 (3d Cir. 12-23-08); *Hodge v U.S. DOJ,* 372 Fed. Appx. 264, 267 (3d Cir. 2010) (A COM is required to state a medical negligence claim in federal court).

There is no record that Plaintiff filed a COM in this case. Thus, Defendant argues that since Plaintiff does not have an expert witness to support his claim, since Plaintiff failed to file a COM, and since Plaintiff's claim is a  professional negligence claim, beyond a matter for lay persons,  which asserts that the treatment rendered by the United States for his low back pain deviated from the acceptable standard of care and caused Plaintiff permanent injury, Plaintiff 's Complaint should be dismissed with prejudice.  Defendant notes that it would be futile for the Court to allow Plaintiff to amend his FTCA claim since he failed to file a COM within 60 days of filing his Complaint as required by Pa.R.C.P. 1042.3.

As discussed below, we find that Plaintiff's state law medical negligence action against the United States asserts a  professional negligence claim and should be dismissed since Plaintiff failed to file a COM as required under Pennsylvania law.  Further, we find that Defendant is entitled to summary judgment with respect to Plaintiff's claim even if it is considered as one of ordinary negligence, since the undisputed evidence shows that Plaintiff received proper treatment for his low back pain and that the lifting restrictions placed on Plaintiff with respect to his Unicor job were required due to his persistent low

back pain.

### 1. Failure of Plaintiff to file a COM for his FTCA Claim

Initially, Plaintiff was required to have submitted a tort claim with the BOP and to have it denied. Plaintiff was required to have presented his tort claim to the BOP within two years after his claim accrued. *Royster v. U.S.*, 475 Fed.Appx. 417, 419 (3d Cir. 2012). Additionally, "a claim accrues when an injured party knows or reasonably should know both the existence and cause of his injury. *Id.*(citations omitted). "[U]ntimeliness 'is an affirmative defense which the defendant has the burden of establishing.'" *Id.* at 419-420(citation omitted). As noted, in his Complaint, Plaintiff states that he accomplished all of the stated prerequisites regarding his FTCA claim. Defendant concedes that Plaintiff exhausted his administrative remedies with respect to his tort claim (Doc. 18, p. 10).

As noted above, Plaintiff was also required to file a COM under Pennsylvania law, *i.e.* Pa.R.Civ.P. 1042.3, for his medical negligence claim he asserts under the FTCA against Defendant United States regarding alleged improper treatment for his low back pain at FCI-Allenwood if it is considered a professional malpractice claim. *See Hodge v. U.S. Dept. of Justice*, 2009 WL 2843332, *6 (M.D. Pa. August 31, 2009) affirmed 372 Fed. Appx. 264, 267 (3d Cir. 2010); *Pitera v. U.S.*, 2010 WL 2431629, *1 (M.D. Pa. June 14, 2010). Plaintiff does not allege in his Complaint that he filed a COM before he instituted the present action and there is no record of a COM on the docket. Also, Plaintiff does not dispute that he has not filed a COM. In fact, as stated above, in his

14

Docs. 20 & 23 Motion for Extensions of Time to respond to Defendant's dispositive motion, Plaintiff stated that he needed a additional time to file his opposition brief so that he could obtain a COM.

We agree with Defendant that the substantive law of Pennsylvania applies with respect to Plaintiff's medical professional liability claims against it. Under Pennsylvania law, "[a] prima facie negligence claim requires the Plaintiff to show that: (1) the Defendant had a duty to conform to a certain standard of conduct; (2) the Defendant breached that duty; (3) such breach caused the injury in question; and (4) the Plaintiff incurred actual loss or damages." *Farina v. Miggys Corp. Five & Six*, 2010 WL 3024757, *3 (M.D. Pa. 7-29-10)(quoting *Krentz v. Consol. Rail Corp.*, 589 Pa. 576, 910 A.2d 20, 27 (Pa. 2007)).

Initially, Defendant argues that because a professional negligence claim such as the one currently at issue requires expert testimony pursuant to Pennsylvania Rule of Civil Procedure 1042.3(a), it is entitled to a dismissal of Plaintiff's claim against it because Plaintiff has presented no such testimony, has not filed a COM and, Plaintiff is now precluded from presenting any such testimony and filing a COM. In its reply brief, Defendant correctly points out that Plaintiff did not address his failure to file a COM in his opposition brief. (Doc. 33). Defendant also states that with respect to Plaintiff 's negligence claim that he was unjustly and improperly removed from his prison Unicor job and made to suffer loss wages, "there is no evidence that the United States owed [Plaintiff] any duty concerning his Unicor work assignment, that the Untied States

beached such duty, or that the  United States' breach of such duty caused [Plaintiff] harm or actual damages." *(Id.*, p. 4).  Defendant states that Plaintiff did not oppose this argument in his opposition brief.

In his sur-reply brief, Plaintiff addresses the COM issue.  (Doc. 34).  Plaintiff states that he has not alleged a professional medical malpractice claim against Defendant in his Complaint and, thus a COM is not required.  As stated above, Plaintiff moved for extensions of time on two occasions to file his opposition brief to Defendant's Doc. 16 Motion based, in part, on his alleged attempts to obtain a COM.  In his sur-reply brief, Plaintiff states that he "does not assert that Defendant provided improper medical care." (*Id.*, p. 2). Rather, "Plaintiff asserts that the Defendant was in fact deliberately indifferent to serious medical needs."  (*Id.*, p. 3)(citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). Plaintiff then explains that he "asserts that Defendant was negligent, to the point of deliberate indifference, in refusing to address [his] serious medical needs."  Plaintiff concludes that "[n]o COM was required, as the instant action sounds not, in a strict sense, in medical malpractice, but in negligence involving deliberate indifference."  (*Id.*, p. 3).  Thus, Plaintiff now maintains that Defendant United States was deliberately indifferent to his medical needs for his serious back problem.   As discussed below, Plaintiff cannot asset a constitutional tort against the United States as he is now attempting to do.

In his sur-reply brief, Plaintiff also argues that he has essentially asserted a constitutional claim under the First Amendment in his Complaint alleging that he was

removed from his prison job with Unicor he held for over 18 years and denied wages because he exercised his right to try and obtain medical care. Thus, Plaintiff does not contest the argument of Defendant United States that it did not owe him any duty concerning his Unicor work assignment, that the Untied States did not beach any duty. Rather, Plaintiff states that "in retaliation for [his] exercising his right to medical care, Defendant's (sic) retaliated against him, stripping him of his prison employment and wages." Plaintiff states that he was denied his privileges of his prison job and wages as retaliation for exercising a constitutional right. Plaintiff cites to *Rauser v. Horn,* 241 F.3d 330 (3d Cir.2001).

Thus, in sur-repy brief, Plaintiff is now basically stating that Defendant United States violated his constitutional rights under the First Amendment, *i.e.*, retaliation, and under the Eighth Amendment, *i.e.,* denial of proper medical care. Plaintiff has not filed his action as a *Bivens*[4] civil action, pursuant to 28 U.S.C. §1331, alleging a violation of his Eighth Amendment rights by prison medical staff due to their alleged failure to properly treat his low back medical condition and alleging retaliation in violation of his First Amendment right for exercising his right to receive proper medical care. Plaintiff has not

---

[4]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's instant action does not fall within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is not a *Bivens* action since Plaintiff does not seek monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

named any proper Defendants insofar as he is now trying to assert constitutional claims against federal officials under *Bivens*. Plaintiff filed this case only as an FTCA action against Defendant United States. In fact, Plaintiff cannot assert a constitutional claim under *Bivens* against the United States. Insofar as Plaintiff is now attempting to sue the United States for violations of his civil rights, *i.e.,* denial of medical care claims and a retaliation against the United States, the law is clear that *Bivens* "only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies." *Goodson v. Maggi*, 2010 WL 1006901, *7 (W.D. Pa. 2-22-10); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)("no claims [under *Bivens*] could properly be brought against Defendants in their official capacities.")(citation omitted). As such, any constitutional claims Plaintiff is now attempting to assert against Defendant United States under *Bivens* should be dismissed with prejudice based on the doctrine of sovereign immunity. *See Conway v. Lindsay*, 2008 WL 2562949, *2 (M.D. Pa. 6-24-08)(citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).

The Court in *Johnson* stated:

> An action brought against federal agencies, or federal employees in their official capacities, is effectively an action against the United States. *Ky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is well settled that the United States has sovereign immunity except where it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Sovereign immunity extends to government agencies and employees sued in their official capacities. *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir.1996). In addition, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S. at 538.

First, regarding Johnson's constitutional claims against the Federal Defendants, Congress has never waived sovereign immunity for constitutional tort claims against the United States, its agencies, or employees sued in their official capacity. *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Graham,* 473 U.S. at 166-68. In addition, Congress has not waived sovereign immunity for RICO claims, *Jennette v. Holsey,* No. 06-874, 2006 WL 1984734, at *1 (M.D.Pa. May 31, 2006); *Delker v. United States,* No. 86-2712, 1986 WL 11701, at *1 (E.D.Pa. Oct.16, 1986), or for claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and negligent failure to prevent conspiracy to interfere with civil rights under 42 U.S.C. § 1986. *Davis v. U.S. DOJ,* 204 F.3d 723, 726 (7th Cir.2000); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999); *Biase v. Kaplan,* 852 F.Supp. 268 (D.N.J.1994); *Wilson v. Rackmill,* No. 87-456, 1990 WL 63504 at *4 (E.D.Pa. May 11, 1990).

Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *FDIC,* 510 U.S. at 475. Thus, because the United States has not waived its sovereign immunity for constitutional tort, RICO, or §§ 1985 and 1986 claims against its agencies or its federal employees in their official capacities, these claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1).

2010 WL 2991409, *2-*3.

Thus, Defendant United States is not a proper Defendant in a *Bivens* action and Plaintiff cannot assert any constitutional claim against the United States as he is attempting to do in his sur-reply brief.   Regardless, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss. *Ex rel. Zimmerman,* 836 F.2d at 181."  *Sung Tran v. Delavau, LLC,* 2008 WL 2051992, *11 (E.D. Pa. 5-13-08).

Also, Plaintiff was required to exhaust his BOP administrative remedies with respect to any constitutional claim he was attempting to raise against FCI-Allenwood medical staff for denial of proper medical care and for retaliation regarding his Unicor job. It is well-settled that the Plaintiff must exhaust all of his available administrative remedies with respect to each one of his claims prior to filing a civil rights suit. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies to all actions regarding prisons conditions, including § 1983 actions or actions brought pursuant to any other federal law. The *Porter* Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*

As such, we shall only consider the claim Plaintiff actually filed in this case under the FTCA against the Defendant United States. Plaintiff must file a new action under *Bivens* against the prison staff members personally involved with his constitutional claims after he exhaust his BOP administrative remedies.

We agree with Defendant that Plaintiff has raised a medical professional liability claim against it in this action and that Plaintiff 's undisputed failure to timely file a COM is fatal to his action.

There are four necessary elements of a *prima facie* cause of action for a medical professional liability claim under Pennsylvania law, namely: (1) that a physician owed a duty to his or her patient; (2) that there was a breach of that duty; (3) that the breach

proximately caused, or substantially factored into, harm experienced by the patient; and (4) that the patient's damages directly resulted from the harm. *See Mitzfelt v. Kamrim*, 584 A.2d 888, 892 (Pa. 1990). Defendant correctly states that to prove a medical malpractice cause of action, Plaintiff is required to provide expert testimony that concludes "to a reasonable degree of certainty" that the physician's challenged conduct deviated from the appropriate medical standards and that this deviation proximately caused the suffered harm. *See Hoffman v. Brandywine Hosp.*, 661 A.2d 397, 399-400 (Pa. Super. Ct. 1995). While expert testimony is not necessary when the physician's conduct so clearly lies within a layperson's comprehension, this kind of situation is rare, and we agree with Defendant United States that this is not the case in this matter.

Federal courts in Pennsylvania have held that in a medical professional liability suit in the prison context, a fact-finder cannot reasonably find that a prison medical staff member acted negligently without expert opinion demonstrating the requisite deviation from the appropriate medical standards. *See Neidig v. U.S.*, 2010 U.S. Dist. LEXIS 24875, at *18 (W.D. Pa. 2010); *Cashwell v. U.S.*, 2009 U.S. Dist. LEXIS 81104, at *18 (M.D. Pa. 2009); *Robles v. Casey*, Civil No. 10-2663, M.D. Pa. Specially, Defendant asserts that Plaintiff's medical malpractice claim should be dismissed because Pennsylvania Rule 1042.3 requires him to file a COM. In *Robles*, a case in which a state inmate asserted, in part, a medical malpractice claim against the prison doctor involving an alleged eye injury, the Court found that the plaintiff must offer expert medical testimony regarding diagnosis, treatment and causation of his injuries to his eye. *See Niklaus v. Vivadent,*

*Inc.*, 767 F. Supp. 94, 96 (M.D. Pa. 1991).

In *McCool v. Dept. of Corrections*, 984 A.2d 565, 571-72 (Pa. Commw. Ct. 2009) (internal footnotes omitted), the Commonwealth Court of Pennsylvania held:

> "[G]enerally when the complexities of the human body are involved expert testimony is required to aid the jury in reaching conclusions as to the cause of pain or injury." The only time expert testimony will not be required for a medical malpractice claim is where the causal connection between the defendants' allegedly negligent act and the harm suffered by the plaintiff is "generally a matter of common knowledge," rendering the jury "capable through its every day experience and knowledge of comprehending the facts presented and drawing conclusions based on those facts." [*Wareham v. Jeffes*, 564 A.2d 1314, 1321 (Pa. Commw. Ct. 1989)]. Generally, such negligence rises to the level of gross incompetence.
>
> In this case, [the plaintiff's] certificates of merit stated that expert testimony of an appropriate licensed professional was unnecessary to prosecute his claims. He is wrong. [The plaintiff's] ailments, mastocytosis and esophageal dysphagia, are complex and little known diseases. An ordinary layperson would be incapable of deciding whether [the defendant-doctor] had acted negligently without hearing from experts about [the plaintiff's] conditions. Accordingly, [the plaintiff] needed to file a certificate of merit attesting to the fact that a licensed professional had supplied him with a written statement that there exists a reasonable probability that [the plaintiff] was the victim of medical malpractice. PA. R.C.P. No. 1042.3(a)(1). [The plaintiff] did not do so, and the certificates of merit he filed are binding. Because [the plaintiff] could not pursue a claim against [the defendant-doctor] for professional malpractice without expert testimony, his complaint failed to state a claim, even as to [the defendant-doctor].

Even more recently, the District Court, M.D. Pa., found that an inmate bringing a medical malpractice claim against his prison doctor for discontinuing his depression medication required expert medical testimony. *Illes v. Beaven*, Civil No. 1:12-CV-0395, 2012 WL 2836581, at *4 (M.D. Pa. July 10, 2012). However, because the inmate had filed a certificate of merit stating that he did not need expert testimony for his claim, he was precluded from presenting the necessary testimony, and the prison doctor was

granted summary judgment in his favor. *Id.; see also Mertzig v. Booth*, 2012 WL 1431238, at *4 (E.D. Pa. Apr. 25, 2012)("Rule 1042.3(a)(3) and its accompanying Note are clear and unambiguous. Absent exceptional circumstances, a party is bound by its certification and may not introduce expert testimony on the standard of care and causation.")(citing *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011)).

In the present case, we find that Defendant United States correctly maintains that because Plaintiff failed to timely file a COM with respect to his medical malpractice claim, it should be dismissed under PA Rule 1042.3.   We also find that Plaintiff has failed to file a COM confirming that expert testimony is not necessary to support his medical malpractice claim against Defendant, which would preclude him from presenting expert testimony at trial. *See* Note to Pa. R.C.P. 1042.3(a)(3).[5]   Further, we agree with Defendant and find that Plaintiff's underlying issues are well beyond the province of laypersons to decide.   Plaintiff must prove that his alleged persistent back pain and alleged permanent injury to his back was caused by the improper medical care he   received at FCI-Allenwood from the medical staff, including PA Rackovan. In his

---

[5] The Note to Pennsylvania Rule of Civil Procedure 1042.3(a)(3) reads:

*Note:* In the event that the attorney certifies under subdivision (a)(3) that an expert is unnecessary for prosecution of the claim, in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation.

Pa. R.C.P. 1042.3(a)(3).

Affirmation, Doc. 28, Plaintiff also claims that the medical care he received at the prison for his low back pain was negligent since he was only continuously told to buy non-prescription Tylenol at the commissary for his intolerable and excruciating pain and spasms and, since a different pain management medication should have been prescribed for him which would have properly treated his symptoms and avoided the alleged permanent injury to his back. Plaintiff also states that prison medical staff should have considered other types of care, evaluation and medication, as well as diagnostic tests such as an MRI and x-rays. We find that expert testimony is required for Plaintiff to prove that a different pain management medication should have been prescribed for him and, that tests were required to properly diagnose his back condition and treat his severe pain and spasms. Expert testimony is also clearly needed for Plaintiff to establish his claim that due to the negligence of United States, he suffered permanent injury to his back. (Doc. 1, p. 5). We find that Plaintiff is now precluded from presenting the expert testimony that is required for him to prevail on his professional medical malpractice claim as against Defendant United States.

Accordingly, we will recommend that the Court grant Defendant's Motion to Dismiss and dismiss with prejudice Plaintiff's FTCA claim against Defendant United States, since Plaintiff failed to file a timely COM. We also agree with Defendant United States that it owed no duty to Plaintiff with respect to his Unicor job and breached no duty when Plaintiff was removed from his Unicor job due to his lifting restrictions. We agree with Defendant (Doc. 17, p. 10, n. 1) that it would be futile to allow Plaintiff to

amend his FTCA claim since he did not file a COM within 60 days of filing his Complaint. *See* Pa.R.C.P. 1042.3.

Even if the Court finds that Plaintiff does not require expert testimony, Defendant United States argues that it is entitled to judgment because the undisputed evidence presented shows that there are no genuine issues of material fact with respect to Plaintiff's receipt of proper medical care for his back conditions. Again, we agree with Defendant.

The Pennsylvania Supreme Court in the case of *Stimmler v. Chestnut Hill Hosp.*, 981 A.2d 145, 154 (Pa. 2009), stated:

> Medical malpractice consists of a negligent or unskillful performance by a physician of the duties which are devolved and incumbent upon him on account of his relations with his patients, or of a want of proper care and skill in the performance of a professional act. Because medical malpractice is a form of negligence, to state a prima facie cause of action, a plaintiff must demonstrate the elements of negligence: a duty owed by the physician to the patient, a breach of that duty by the physician, that the breach was the proximate cause of the harm suffered, and the damages suffered were a direct result of harm.

"In other words, a physician must have the same knowledge and skill and use the same care normally [*i.e.*, typically or reasonably] used in the medical profession. A physician whose conduct falls below this standard of care is negligent." *Pringle v. Rapaport*, 980 A.2d 159, 170 (Pa. Super. Ct. 2009).

We concur with Defendant that the undisputed record indicates that Plaintiff was examined, evaluated and treated several times with respect to his back condition and complaints of back pain and spasms. Since Defendant's SMF are largely admitted by Plaintiff with respect to Plaintiff's medical history at FCI-Allenwood, since Defendant

properly cites to the record to support all of their paragraphs, and since the paragraphs in Defendant's SMF which Plaintiff disputes by stating that Defendant's medical records do not accurately reflect his statements to the prison medical staff are not properly denied by citation to evidence in the record, we accept Defendant's SMF as undisputed. (Doc. 18, ¶'s 7-67). *See* Local Rule 56.1, M.D. Pa. Thus, we do not repeat paragraphs 7-67 of Defendant's SMF herein, and we incorporate them by reference.

Based on the undisputed medical evidence, we find that Defendant was not negligent with respect to the extensive treatment and care Plaintiff received for his low back pain and spasms. We also find that Defendant's undisputed evidence shows that Defendant was not negligent in placing lifting restrictions on Plaintiff due to his continuing complaints of back pain and having to lift heavy objects at his Unicor job, and that Defendant was not negligent in advising Plaintiff to find a new prison job which did not require lifting. The restriction on lifting which were imposed on Plaintiff by the prison medical staff was supported by Plaintiff's medical record. As such, we find that Defendant did not negligently have Plaintiff removed from his Unicor job.

Thus, in the alternative, we will recommend that Defendant's Summary Judgment Motion be granted.

## IV.    RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Defendant's Motion to Dismiss Plaintiff's Complaint **(Doc. 16)** be **GRANTED** and, that Plaintiff's FTCA claim against Defendant United States be dismissed with prejudice  since Plaintiff  failed to file a timely COM.

In the alternative, it is recommended that Defendant's Summary Judgment Motion **(Doc. 16)** be **GRANTED**.

Finally, it is recommended that the Court close this case.



**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 20, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAFAEL SANTOS,                     :        CIVIL ACTION NO. **3:CV-12-1363**
                                   :
        Plaintiff                  :        (Judge Nealon)
                                   :
        v.                         :        (Magistrate Judge Blewitt)
                                   :
UNITED STATES OF AMERICA,          :
                                   :
        Defendant                  :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 20, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis
> of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


_____       **s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**


**Dated: May 20, 2013**