FILED
SCRANTON
AUG - 8 2013
PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAFAEL SANTOS,
    Plaintiff

v.

UNITED STATES OF AMERICA,
    Defendant

CIVIL NO. 3:12-cv-1363

(Judge Nealon)

(Magistrate Judge Blewitt)

## MEMORANDUM

On July 13, 2012, Plaintiff, Rafael Santos, an inmate confined at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood"), filed a pro se claim against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. (Doc. 1). On December 21, 2012, Defendant filed a motion to dismiss or, in the alternative, for summary judgment, a supporting brief, and a statement of material facts. (Docs. 16, 17, 18). After being granted two extensions of time, Plaintiff filed his brief in opposition to Defendant's motion to dismiss on April 2, 2013. (Doc. 30). On that date, Plaintiff also filed a motion to appoint counsel, an affirmation, and a statement of material facts. (Docs. 27, 28, 29). On April 10, 2013, Defendant filed a reply brief. (Doc. 33). On April 22, 2013, Plaintiff filed an unauthorized sur-reply brief, which was considered by the Court due to Plaintiff's pro se status. (Doc. 34). On May 20, 2013, a Report was issued by United States Magistrate Judge Thomas M. Blewitt recommending that Plaintiff's claim be dismissed. (Doc. 36). No objections were filed. The matter is ripe for disposition and, for the reasons set forth below, the Report and Recommendation ("R&R") will be adopted.

## Discussion

When objections to a report and recommendation have been filed, the court must make a

1

de novo determination of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The court "may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3. Further, the court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); Goney, 749 F.2d at 7.

Conversely, when no objections are made to a report, the district court is not statutorily required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter, 2008 U.S. Dist. LEXIS at *4-5 (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837, 108 S. Ct. 120, 98 L. Ed. 2d 79 (1987)). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

After reviewing the instant record, no error is discerned from the Report and Recommendation. Plaintiff alleges that the medical staff at FCI-Allenwood negligently treated his back condition which resulted in permanent injury, loss of income, and pain and suffering. (Doc. 1; Doc. 36). He also alleges that he was removed from his prison job with Unicor without

proper examination, diagnosis and treatment. (Doc. 1; Doc. 36). In the motion to dismiss, or for summary judgment, Defendant argues, inter alia, that Plaintiff failed to file a certificate of merit ("COM"), as required by Pennsylvania Rule 1042.3, a COM was required because Plaintiff set forth medical malpractice claims against prison staff, and Plaintiff did not have an expert witness to support his claims. (Doc. 17, pgs. 8-10; Doc. 36, pg. 2).

The Magistrate Judge recommends that Plaintiff's FTCA claim be dismissed because he failed to file a certificate of merit. (Doc. 36, pg. 23). Magistrate Judge Blewitt considers Plaintiff's complaint as one of professional medical malpractice, which requires a COM pursuant to Pennsylvania law. (Doc. 36, pg. 12). Pennsylvania Rule of Civil Procedure 1042.3 provides, "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff ... shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit...". PA. R. CIV. P. 1042.3(a). This is a "rule of substantive state law with which plaintiffs in federal court must comply." Robinson v. United States, 2010 U.S. Dist. LEXIS 28478, *44 (M.D. Pa. 2010) (Rambo, J.) (citing Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007)). "Failure to file a certificate of merit under Rule 1042.3(a) or a motion for an extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his failure to comply is justified by a 'reasonable excuse.'" Cashwell v. United States, 2009 U.S. Dist. LEXIS 81104, *14 (M.D. Pa. 2009) (Rambo, J.) (citing Perez v. Griffin, 304 Fed. App'x 72, 74 (3d Cir. 2008)). Pennsylvania law allows a court to "consider two equitable exceptions ... [1] whether the plaintiff has substantially complied with Rule 1042.3 and [2] whether the plaintiff has offered a reasonable explanation or legitimate excuse for failure to comply." Brito v. United States, 2010 U.S. Dist. LEXIS 23640, *10 (M.D. Pa. 2010)

3

(Munley, J.), quoting Ramos v. Quien, 631 F. Supp. 2d 601, 611 (E.D. Pa. 2008) (citing Womer v. Hilliker, 908 A.2d 269, 276, 279 (Pa. 2006)). "[A] pro se litigant's ignorance of or mistaken assumptions about the requirements of Rule 1042.3 cannot serve as a reasonable excuse." Perez, 304 Fed. App'x 72, 75 (citing Hoover v. Davila, 862 A.2d 591, 595-96 (Pa. Super. Ct. 2004)).

Plaintiff acknowledges that he did not file a certificate of merit and states that he attempted to obtain one. (Docs. 20, 23). Plaintiff filed two motions for extension of time to file his brief in opposition to the motion to dismiss, stating that he was "in the process of obtaining a certificate of merit." (Doc. 20 ¶ 6; Doc. 23 ¶ 6). Plaintiff did not present any sufficient reasons for failure to file a COM. It would be futile to allow Plaintiff to amend his FTCA claim because he did not file a certificate of merit. (Doc. 36, pgs. 24-26). See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a pro se plaintiff should be granted leave to amend before dismissal "unless an amendment would be inequitable or futile"). Magistrate Judge Blewitt therefore recommends that Defendant's motion to dismiss be granted. (Doc. 36, pg. 26).

In his sur-reply brief, Plaintiff argues that he did not allege a professional medical malpractice claim against Defendant; rather, he set forth a claim that Defendant was deliberately indifferent to his medical needs under the Eighth Amendment, and Defendant violated his First Amendment rights by removing him from his prison job when he obtained medical care. (Doc. 34). However, as the Magistrate Judge discusses, Plaintiff cannot assert constitutional tort claims against the United States. (Doc. 26, pgs. 16-20). If he chooses, Plaintiff can present his claims against prison staff members in a Bivens[1] action. (Doc. 36, pgs. 16-20). Bivens actions and

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed.

FTCA lawsuits have different requirements as to whom may be properly named as a defendant. See Moshier v. United States, 2007 U.S. Dist. LEXIS 42179 (W.D. Pa. 2007)). An FTCA claim must be brought against the United States, while a Bivens action may only be filed against individual government officials. To the extent that Plaintiff sets forth constitutional claims against the United States, they must be dismissed.

Alternatively, the Magistrate Judge recommends that Defendant's motion for summary judgment be granted because there are no genuine issues of material fact regarding Plaintiff's medical care for his back. (Doc. 36, pgs. 24-27). The Magistrate Judge agrees with Defendant that it owed no duty to Plaintiff with respect to his Unicor job and breached no duty when Plaintiff was removed from that job. (Doc. 36, pg. 25). Magistrate Judge Blewitt states that Plaintiff was examined and treated on several occasions for his back pain and Defendant was not negligent in treating Plaintiff; Defendant accounted for Plaintiff's back when it placed a lifting restriction on him at work; and, Defendant properly removed Plaintiff from his job at Unicor. (Doc. 36, pgs. 24-27).

After review, and in the absence of objections, this Court finds no error in the R&R and it will be adopted. Defendant's motion to dismiss will be granted. Plaintiff's FTCA claim against the United States will be dismissed with prejudice because Plaintiff failed to file a certificate of merit. A separate Order follows.

Date: August 8, 2013

United States District Judge

---

Appx. 774, 775 n.1 (3d Cir. 2007).